# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CESAR ERNESTO RIVAS,<br><br>    Petitioner,<br><br>    v.<br><br>MICHAEL L. BENOV, Warden,<br><br>    Respondent. | Case No. 1:14-cv-01109-SAB-HC<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS, DISMISSING THE PETITION AS MOOT, AND DIRECTING THE CLERK TO CLOSE THE CASE<br><br>(ECF No. 14) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent is represented in this action by Melanie L. Alsworth of the Office of the United States Attorney for the Eastern District of California. Both parties have consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c). Pending before the Court is Respondent's motion to dismiss the petition as moot.

## I.

## BACKGROUND

Petitioner is in the custody of the Bureau of Prisons (BOP) at the Taft Correctional Institution located in Taft, California, pursuant to a judgment of the United States District Court for the District of Minnesota for conspiracy to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) and (B)(1)(A).

On July 16, 2014, Petitioner filed the instant petition for writ of habeas corpus in this

1

Court.  Petitioner challenges a disciplinary proceeding as a result of an incident report which was issued on April 14, 2014.  At the disciplinary hearing held by a Taft disciplinary hearing officer (DHO) on May 6, 2014, Petitioner was found guilty of possession of a weapon and possession of anything not authorized, and sanctioned with a loss of forty-one days of good conduct credits, 1 month disciplinary segregation, and 1 month loss of commissary privileges.  Petitioner argues that because the disciplinary hearing officer (DHO) was not an employee of the Federal Bureau of Prisons (BOP) and thus lacked the authority to conduct the disciplinary hearing and make findings resulting in punishment, Petitioner suffered a violation of his right to due process of law, and that Petitioner's due process right to an independent and impartial decision maker at the disciplinary hearing was violated.

On October 29, 2014, Respondent filed a motion to dismiss the petition as moot.  (ECF No. 14).  On December 3, 2014, petitioner filed his opposition to Respondent's motion to dismiss.  (ECF No. 16).

While the instant case was pending, Petitioner filed a second habeas petition in this Court, which was assigned Case No. 1:14-cv-0118-JLT-HC.  In Case No. 1:14-cv-01118-JLT-HC, on November 5, 2014, Magistrate Judge Jennifer L. Thurston ordered that the Court construe the petition in Case No. 1:14-cv-01118-JLT-HC as a motion to amend the petition in Case No. 1:14-cv-01109-SAB.  On December 31, 2014, the undersigned granted Petitioner's motion to amend his petition with the petition in Case No. 1:14-cv-0118-JLT-HC.  (ECF No. 17).  The Court did not issue a new scheduling order, because the matter had already been briefed and the amended petition is nearly identical to the original petition and doesn't raise any additional claims.

## II.

## DISCUSSION

Respondent argues that Petitioner's claims are now moot, because the disciplinary charges were reheard via teleconference on July 30, 2014, by Randy J. McWilliams, a certified DHO of the BOP.  At the rehearing, the BOP DHO found that Petitioner had committed the prohibited misconduct, and he assessed the same disallowance of good conduct time credits,

disciplinary segregation, and loss of commissary privileges.  (ECF No. 14-1 at 1-3).

The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases.  See Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70, 104 S.Ct. 373, 374-75 (1983) (per curiam).  Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favourable judicial decision.  Id.  A case becomes moot if "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1982) (per curiam) (internal citations omitted).  Federal courts are "without power to decide questions that cannot affect the rights of the litigants before them."  North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 404 (1971) (per curiam).  A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favourable decision of the court issuing a writ of habeas corpus.  Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998)).

Here, documentation submitted by Respondent in support of the motion to dismiss demonstrates that the claims initially alleged by Petitioner are no longer in controversy.  The charges were reheard by an officer who had the very qualifications that Petitioner had alleged were required by principles of due process of law and the pertinent regulations.  It is undisputed that the findings and sanctions that constituted the object of Petitioner's challenges in the petition have now been superseded by the findings and sanctions of the certified BOP DHO.

When, because of intervening events, a court cannot give any effectual relief in favor of the petitioner, the proceeding should be dismissed as moot.  Calderon v. Moore, 518 U.S. 149, 150, 116 S.Ct. 2066, 135 L.Ed.2d 453 (1996).  In the present case, it appears that the only relief that Petitioner sought was invalidation of the findings and associated sanctions as a result of his May 6, 2014 disciplinary hearing.  It appears that the rehearing of the incident report by an indisputably qualified DHO has effectuated the relief sought by Petitioner.  The Taft Hearing Officer's May 6, 2014 findings and sanctions which Petitioner challenges in the instant habeas

petition have been superseded by the DHO's findings.  Therefore, it is no longer possible for this Court to issue a decision redressing the injury that he alleges he suffered as a result of the May 6, 2014 disciplinary hearing.  In addition, to the extent Petitioner seeks to challenge the results of the new hearings on due process grounds, he must first exhaust his available administrative remedies and then file a new habeas petition.  See Huang v. Ashcroft, 390 F.3d 1118, 1123 (9th Cir. 2004); Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); see also 28 C.F.R. §§ 542.10–542.19 (setting forth the BOP's administrative procedures).  Petitioner has not asserted any factual or legal basis that would preclude a finding of mootness.

## III.

## CERTIFICATE OF APPEALABILITY

A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c)   (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
>     (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
>     (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a petitioner's petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473, 484 (2000). While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." Miller-El, 537 U.S. at 338.

In the present case, the Court does not find that reasonable jurists would find the Court's determination that Petitioner's petition is moot debatable, wrong, or deserving of encouragement to proceed further. Accordingly, the Court hereby declines to issue a certificate of appealability.

## IV.
## ORDER

Accordingly, the Court ORDERS that:

1. Respondent's motion to dismiss is GRANTED;

2. The petition for writ of habeas corpus is DISMISSED as moot;

3. The Clerk of Court is DIRECTED to enter judgment and close the case; and

4. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: **January 26, 2015**

UNITED STATES MAGISTRATE JUDGE